UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 19-068 |
| | § | |
| STEPHEN EDWARD TORRES, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Stephen Edward Torres ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Count[s] One, Two and Five of the Indictment. Counts One and Two charges Defendant with **Sexual Exploitation of Children**, in violation of Title 18, United States Code, Section 2251.   Count Five charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.   The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2251, is imprisonment of not less than 15 years and not more than 30 years and a fine of not more than $250,000.00.   Additionally, Defendant may receive a term of supervised release

after imprisonment of **at least 5 years up to Life.** *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2252A, is imprisonment of not more than 10 years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of **at least 5 years up to Life.** *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.  Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.  Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box

61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States.   Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## The United States' Agreements

6.   The United States agrees to each of the following:

(a)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(b)     If Defendant pleads guilty to Counts 1,2, and 5 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

## Agreement Binding - Southern District of Texas Only

7.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States

Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

8. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

9. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions

4

regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

10.   Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf.   If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

11.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count(s) One, Two and Five of the indictment.   If this case were to proceed to trial, the United

States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On November 16, 2018, Special Agent (SA) Dustin Grant, FBI Salt Lake City, was working undercover on line and came in contact with a user on the KIK application. The particular user had the KIK profile name 248torres48 and was using the scree name .x torres. At that time the user was possibly identified as Stephen Torres. The user indicated he had a sexual interest in incest/children and answer the undercover advertisement by sending a KIK message with videos of nude prepubescent age girls engaged in sexual acts with other children and adults. The chat conversation between the user and SA Grant were saved as well as the images/videos. KIK supplied subscriber data and Comcast supplied subscriber data.

The KIK data was as follows:

First Name: .x
Last Name: Torres
Email: steven248dh@gmail.com
User name: 248torres48
Registration Device: Android
IP address: 98.201.246.231
    The Comcast data was as follows:
Margaret Torres
546 Hahlo St., Houston, TX 77020
832-231-1835
dm16342671@comcast.net

After that lead was sent to Houston, the FBI Child Exploitation Task Force in Washington DC was working undercover online operations and Detective Palchak of the Metropolitan Police Department came in contact with dann.x93 via KIK. During the course of the chat, the user sent the detective several images and a video depicting a minor female who appeared to be under 3. In one image, the minor female's feet can be seen next to an adult male's penis. In the video, the

minor female can be seen being orally penetrated by an adult male's penis.

The user identified the minor female as his 2 year old step-daughter.   Detective Palchak asked the user to send a live photo in order to verify that the minor female was in fact the minor female depicted in the images and videos.   The user sent a live photo, not sexually explicit, depicting the same minor female.   Also depicted in the live photo were several items that were visible in the images and videos depicting child pornography sent by the user previously.   It was determined that the images and videos depicting child pornography were filmed in the same location as the live photo.

An emergency request was sent to KIK for the subscriber information and IP access logs for the account associated with dann.x93.   KIK supplied the display name of Danny M with an unconfirmed email address of ovo66648@gmail.com and a device description of MetroPCS Andriod LGMS330.   They also provided IP addresses used from December 16, 2018, through January 11, 2019.

Examination of the IP logs yielded a Comcast IP 98.201.246.231 which was used for all logins but one.   An exigent request to Comcast for subscriber information yielded the same information listed above in regard to that IP address.

On January 12, 2019, a state search warrant was obtained for the property located at 546 Hahlo Street in Houston.   The warrant was executed on the same date by members of the FBI and the HMICAC.   Two individuals were identified and interviewed.   Also present at the location were the defendant's parents Raul and Margaret Torres.

Items were seized during the execution of the warrant that were seen in the images/videos sent to the undercover.   They include a pair of gray shorts, a purple shirt, a pair of black jogging

pants, a pink t-shirt, a red blanket, and a pair of black shorts. A white LG android cell phone was also seized from Torres. The phone was submitted to the RCFL for forensic analysis. A sketch of the residence was done and photos were taken.

The minor female, MV1, DOB XX/XX/2016, was recovered from the residence. She was positively identified as the minor female in the videos and images sent by the defendant.

After being advised of his Miranda warnings, Torres agree to speak with SAs Guerra and Shultz. Torres states he resides at the residence with his parents, his girlfriend and her two children, MV1 and MV2, DOB XX/XX/2015. Torres stated the white LG phone is his and one he used a while back. He only uses it to access the internet and does not have actual phone service on it.

Torres claimed that he was sent child pornography via KIK but could not explain how that started. He stated he first encountered child pornography 1 to 2 years ago and he currently uses KIK to obtain it. He claimed he did not recall his KIK user IDs. He stated he has multiple KIK profiles. He stated he deletes the application after he uses it.

As to the molestation of MV1, Torres stated it started a couple months ago and he penetrated her orally. Torres claimed he sent the images of him molesting MV1 to 5 or 6 people. He last sent images and videos the day of the execution of the warrant.

Torres explained the images and videos of MV1 were stored in his Dropbox account. Torres recognized some of the images shown to him by SA Guerra as those he created earlier that day and sent to the undercover in DC. He also identified his penis in the images.

Torres signed consent to search forms for multiple email and Dropbox accounts. SA Guerra accessed the Dropbox account and found 7 folders. Within the 7 folders were 134 image

and video files.   After reviewing them, SA Guerra found 17 image files and 56 videos that meet the federal definition of child pornography.   Additionally, there was file titled "my lil val" which contained 3 images and 16 videos of MV1 produced by Torres.   In one of the videos it is clear that MV2 is also a subject of production of child pornography.   The video is as follows:

20181208_230612.mp4 This vdeo file is 47 seconds long.   It depicts MV1 and MV2 being orally penetrated by Torres' penis.   The clothing in the file was identified and collected. All the videos sent by Torres to Detective Palchak were found in his Dropbox account.

The Defendant used a white LG cellphone, Model # LGMS330 to access the internet, a means and facility of interstate and foreign commerce.   He also used it to access Dropbox and Kik via the internet a means and facility of interstate and foreign commerce.

### Breach of Plea Agreement

12.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

13.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets

9

over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

14.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

15.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

16.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

17.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant understands and agrees that the Court will determine the amount of

restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

### Forfeiture

18.   Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.   In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: a Samsung Galaxy Note II cell phone; a Kingston Data Traveler flash drive; and a Dell Inspiron 15 laptop computer.

19.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

20.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

21.   Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

22.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay

payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

23.   This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he is guilty.

24.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____, 20___

_____
Defendant

Subscribed and sworn to before me on _____, 20___

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By:   _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
Acting United States Attorney

By: _____     _____
Sherri L. Zack                                   Marjorie A. Meyers
Assistant United States Attorney      Attorney for Defendant
Southern District of Texas
713-567-9374

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 19-068 |
| STEPHEN EDWARD TORRES, Defendant. | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.



_____          6-7-1 9
Attorney for Defendant                         Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

13

which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_Stephen Torres_
Defendant

_6/7/19_
Date